980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alma ALDRETE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel Thomas HENDRIX, Defendant-Appellant.
 Nos. 91-30360, 91-30376.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1992.
Decided Nov. 27, 1992.
 
 Before EUGENE A. WRIGHT, FLETCHER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-appellants Alma Aldrete and Manuel Thomas Hendrix appeal their convictions on cocaine distribution charges (21 U.S.C. §§ 841, 846) and on charges of using and carrying a firearm during and in relation to a drug trafficking offense (18 U.S.C. § 924(c)(1)). Both appellants contend that: (1) the district court inaccurately instructed the jury on the elements of the firearms offense; and (2) in refusing to declare a mistrial after the government elicited testimony concerning the defendants' post-arrest silence, the district court abused its discretion. Hendrix separately contends that police investigators engaged in outrageous conduct in violation of his due process rights.
 
 
 3
 We reject all three claims and affirm the convictions.
 
 DISCUSSION
 1. Jury Instruction
 
 4
 Appellants contend that the trial court erred in refusing to instruct the jury that to return a verdict of guilty on the firearms charge, the jury must find: (1) that the defendant used or carried a firearm with the intention of facilitating the drug trafficking crime, and (2) that but for the defendant's use and possession of the firearm the defendant would not have "sallied forth to commit the drug crime."
 
 
 5
 We do not accept appellants' argument. The district court's instructions adequately described the elements of the firearms offense. See United States v. Stewart, 779 F.2d 538, 540 (9th Cir.1985). Because section 924 does not contain a specific mens rea element, the district court properly inferred that mere knowledge of the facts constituting the offense fulfills the scienter requirement. United States v. Wilson, 884 F.2d 174, 177-79 (5th Cir.1989) (citing, inter alia, United States v. Barber, 594 F.2d 1242, 1244 (9th Cir.), cert. denied, 444 U.S. 835 (1979)). Furthermore, in instructing the jury that a firearm "may facilitate or have a role in the crime ... if it emboldened the person and the person had the ability to display or discharge the weapon," the district court correctly applied the precedent of this circuit. See Stewart, 779 F.2d at 540.
 
 
 6
 2. Testimony Regarding Defendants' Post-Arrest Silence
 
 
 7
 We also reject appellants' assertion that the district court abused its discretion in refusing to grant their motion for a mistrial after the government elicited testimony on their post-arrest silence. The court's clear and thorough instructions to the jury to disregard the testimony, delivered the morning after the testimony was given, obviated the possibility of a due process violation. See Greer v. Miller, 483 U.S. 756, 764 (1987).
 
 3. Outrageous Government Conduct
 
 8
 Finally, we conclude that the police investigators' failure to supervise their confidential informant did not rise to the level of "outrageous government conduct" and did not violate appellant Hendrix's right of due process. United States v. Barrera-Moreno, 951 F.2d 1089, 1092 (9th Cir.1991), cert. denied, 61 U.S.L.W. 3335 (U.S. Nov. 3, 1992) (Nos. 92-5247, 92-5390); United States v. Simpson, 813 F.2d 1462, 1468 (9th Cir.), cert. denied, 484 U.S. 898 (1987). At its worst, the investigators' conduct amounted to mere "passive tolerance" of the informant's unlawful activity. See Barrera-Moreno, 951 F.2d at 1092.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3